1  Douglas E. Dexter (State Bar No. 115868)
   ddexter@fbm.com
2  Jaya Bajaj (State Bar No. 317909)
   jbajaj@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, California 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  Attorneys for Defendant AMAZON.COM
   SERVICES LLC
7

8               UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                    FRESNO DIVISION

11

12 JUAN CARLOS NEGRETE, an          Case No.
   individual,
13                                  **DECLARATION OF JAYA BAJAJ
              Plaintiff,            IN SUPPORT OF DEFENDANT
14                                  AMAZON.COM SERVICES LLC'S
       vs.                          NOTICE OF REMOVAL OF CIVIL
15                                  ACTION UNDER 28
   AMAZON.COM SERVICES LLC, a       U.S.C. § 1441(b)**
16 Delaware limited liability company; and
   DOES 1 through 10, inclusive,
17
              Defendants.
18

19

20       I, Jaya Bajaj, hereby declare as follows:

21       1.    I am an attorney duly licensed to practice law before all courts of the

22 State of California and am an associate with the law firm of Farella Braun + Martel

23 LLP, attorneys of record for Amazon.com Services LLC ("Amazon") in the above-

24 captioned action.  I have personal knowledge of the matters set forth below and, if I

25 were called and sworn as a witness, I could and would competently testify to the

26 following facts.

27       2.    Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff

28 Juan Carlos Negrete's ("Plaintiff") Complaint, which was filed on February 1, 2023

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF JAYA BAJAJ IN SUPPORT
OF REMOVAL TO FEDERAL COURT- Case No.

43353\15317927.1

1 | and served on Amazon on February 10, 2023.

2 |       3.     Attached hereto as **Exhibit B** is a true and correct copy of Amazon.com

3 | Services LLC's Answer to Plaintiff Juan Carlos Negrete's Unverified Complaint,

4 | which was filed in Fresno Superior Court on March 13, 2023.

5 |       4.     Attached hereto as **Exhibit C** is a true and correct copy of the

6 | Washington Secretary of State Statement of Information for Amazon Sales, Inc.

7 | listing its principal office in Seattle, Washington and its organization under

8 | Delaware law.

9 |       I declare under penalty of perjury under the laws of the state of California that

10 | the foregoing is true and correct to the best of my knowledge.

11 |

12 | Date: March 13, 2023

13 |                                 Jaya Bajaj

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

DECLARATION OF JAYA BAJAJ IN SUPPORT
OF REMOVAL TO FEDERAL COURT - Case No.

2

43353\15317927.1

# EXHIBIT A

# S T A L W A R T

## LAW GROUP

8752 HOLLOWAY DRIVE, WEST HOLLYWOOD, CA 90069 | P: (310) 954-2000 | F: (310) 943-0303
DAVID@STALWARTLAW.COM

February 9, 2023

***VIA MAIL***
**Agent for Service of Process for**
**Defendant Amazon.com Services LLC,**
**CSC - LAWYERS INCORPORATING SERVICE**
**2710 Gateway Oaks Dr # 150, Sacramento, CA 95833**

**Re:**  ***Negrete v. Amazon.com Services LLC (Case No. 23CECG00392)***

We are sending this letter to introduce ourselves and to open a line of communication relating to the Complaint recently served in the matter of ***Negrete v. Amazon.com Services LLC (Case No. 23CECG00392)***, filed in the County of Fresno. We look forward to working with you on this matter.

Our email addresses are as follows: David Angeloff (david@stalwartlaw.com), Cindy Hickox (cindy@stalwartlaw.com), and Josh Montoya (josh@stalwartlaw.com). Our office number is 310 954 2000 and David Angeloff's cell phone is 805 458 8415. You can consider this letter an open invitation to reach out to any of us for any reason related to this matter.

You can also consider this letter an invitation to call us and discuss the potential for exploring an early resolution in this matter. As a matter of course in cases like this, we make a point of making a good faith effort to explore the possibility of early resolution, especially when it is in the interests of all parties to do so.

As you will see from our firm's track record of verdicts at trial, we are trial lawyers who pursue cases aggressively and have the resources and experience to litigate and try this matter to the fullest extent. However, I wish to convey that when defendants in our cases take the opportunity to genuinely explore the possibility of early settlement, we take that very seriously and we value the case accordingly, taking into consideration the costs, time, and effort, saved by all parties.

Once again, we look forward to working with you on this matter.

Sincerely,

David Angeloff
**STALWART LAW GROUP, APC**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUAN CARLOS NEGRETE, an individual,

E-FILED
2/3/2023
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* | 23CECG00392 |
|---|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):* B. F. Sisk Courthouse

1130 O Street
Fresno, CA 93721

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Cindy Hickox; Stalwart Law Group; 8752 Holloway Drive, West Hollywood, CA 90069; 310-954-2000

| DATE: 2/3/2023 | Clerk, by E. Meyer | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **AMAZON.COM SERVICES LLC, a Delaware limited liability company**

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 2/10/2023

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

1   David Angeloff (SBN 272929)
    *david@stalwartlaw.com*
2   Cindy Hickox (SBN 323016)
    *cindy@stalwartlaw.com*
3   **STALWART LAW GROUP, APC**
    8752 Holloway Drive
4   West Hollywood, CA 90069
5   Telephone: (310) 954-2000

6   Attorneys for Plaintiff JUAN CARLOS NEGRETE

E-FILED
2/1/2023 1:32 PM
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                           **FOR THE COUNTY OF FRESNO**

10

| | |
|---|---|
| JUAN CARLOS NEGRETE, an individual, | Case No.: 23CECG00392 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT;** |
| AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | **(2) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;** |
| Defendants. | **(3) FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;** |

**(4) FAILURE TO PREVENT DISCRIMINATION AND/OR RETALIATION IN VIOLATION OF FEHA;**

**(5) RETALIATION FOR REQUESTS FOR ACCOMMODATION IN VIOLATION OF FEHA;**

**(6) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(7) RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5**

**DEMAND FOR JURY TRIAL**

1

COMPLAINT

Plaintiff JUAN CARLOS NEGRETE (hereinafter referred to as "Plaintiff" or "NEGRETE") alleges as follows in his Complaint:

## THE PARTIES

1.    Plaintiff is an individual, who at all relevant times was and is a resident of Laton, California, in Fresno County.

2.    Defendant is Amazon.com Services LLC (hereinafter referred to as "Defendant" or "Amazon", a Delaware limited liability company based at 410 Terry Avenue North Seattle, Washington 98109. Plaintiff was employed at the Amazon distribution center known as FAT1 in Fresno, CA, located at 3575 S. Orange Ave., Fresno, CA, 93725.

3.    The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek to amend this Complaint to show the true names and capacities of the Defendants designated herein as DOES when the same have been ascertained. Whenever in this Complaint reference is made to "Defendants," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

4.    Plaintiff is informed and believes, and thereby alleges, that each of the Defendants herein was at all times the agent and/or employee of each of the remaining Defendants, and was at all times mentioned, acting within the course and scope of said agency and/or employment, and each Defendant was acting with the full knowledge and consent of his superior or principal, and each such principal or superior at all times ratified and acquiesced in each and every act of each Defendant and agent thereof, and as such each Defendant bound the other by his act and deed. Further, each of the Defendants aided, abetted, incited, compelled, and/or coerced one another, and/or conspired with one another, to do the acts alleged herein.

5.    Amazon and DOES 1 through 10, collectively shall be referred to herein as

2
COMPLAINT

STALWART
LAW GROUP

1    "Defendants."

2                                    **VENUE**

3        6.    Venue is proper in the Superior Court of Fresno County because the County of

4    Orange, State of California, is where the conduct, acts, inaction, statements, or omissions

5    complained of in this Complaint took place.

6                            **GENERAL ALLEGATIONS**

7        7.    In or around May of 2021, Plaintiff began working for Amazon as a Logistics

8    Specialist. As a Logistics Specialist, Plaintiff cleaned, weighed, constructed, packed, and reused

9    cardboard boxes for product shipping. At all times during his employment, Plaintiff performed

10   his job in a reasonable and competent manner.

11       8.    On or about October 9, 2021, Plaintiff injured his lower back, shoulders, and neck

12   lifting an extremely heavy box.  Plaintiff immediately told his supervisor, Nari Pondicherry

13   ("Pondicherry"). Pondicherry sent Plaintiff to a small office where he was given an ice pack.

14       9.    The next day, on or about October 10, 2021, Plaintiff was in so much pain he

15   went to the emergency room. Plaintiff was diagnosed with a spinal injury and was prescribed

16   pain medication. Plaintiff was also given a referral to see his own primary care physician at

17   United Health.  Finally, Plaintiff was given a doctor's note putting him off work for two weeks

18   due to his injury. Plaintiff provided this note to Amazon in person and via fax.

19       10.   About two days after his visit to the emergency room, on or about October 12,

20   2021, Plaintiff visited his primary care provider at United Health and was diagnosed with a

21   lumbar disc bulge at two different levels. Plaintiff's doctor at United Health gave him a doctor's

22   note putting him on medical leave from work until November 3, 2021. Plaintiff again

23   communicated this to Amazon and provided the doctor's note to management.

24       11.   On November 3, 2021, Plaintiff reported to work to do his job. The volume of

25   packages was extraordinary, and his group's section of the line was behind schedule and working

26   at a frantic pace. The working conditions were not safe and Plaintiff was immediately concerned,

27   especially as he was just coming off a previous work injury. At one point, due to a logjam of

28   packages on the line, several boxes tumbled off the line machinery, and one of the boxes struck

                                        3

1 | Plaintiff in the head, injuring him though not seriously. Plaintiff immediately went to the area
2 | supervisor and reported the incident, complaining to the manager that the working conditions
3 | were not safe, and the machinery posed a hazard to his health and the health of the other workers.
4 | Plaintiff worked the rest of his shift.

5        12.     At the end of the day on November 3, 2021, a few hours after complaining about
6 | the safety hazards on the line and about 20 minutes before the end of his shift, Plaintiff received
7 | a message on his equipment telling him to report to the main office. Three people that Plaintiff
8 | recognized as main office supervisors and a Human Resources representative were there.
9 | Plaintiff was given a piece of paper and was terminated. The reason he was explicitly given was
10 | that he had gone over his allotted sick time when he was out of work due to his back injury.
11 | Although he knew it was wrong for Amazon to fire him because he was hurt, Plaintiff knew he
12 | was also being fired because he complained about the unsafe working conditions at the facility.
13 | At no point was Plaintiff ever involved in any meaningful, good faith, interactive process to
14 | accommodate his disability.

15        13.     On information and belief, Plaintiff was terminated because of his disability
16 | and/or his request for reasonable accommodation, and in retaliation for making complaints about
17 | OSHA violations and unsafe working conditions.

18        14.     On January 26, 2023, Plaintiff filed a complaint of discrimination and related
19 | claims against Defendant with the Department of Fair Employment and Housing ("DFEH"),
20 | thereby exhausting his administrative remedies. On that same date, the DFEH issued Plaintiff a
21 | Right-to-Sue Notice. This action is filed within one year of all of Plaintiff's Right-to-Sue
22 | Notices.

23 | **FIRST CAUSE OF ACTION**
24 | **Disability Discrimination in Violation of FEHA**
25 | **Cal. Gov. Code § 12940 *et seq.***
26 | (Against All Defendants)

27        15.     Plaintiff incorporates herein by reference, as though fully set forth herein, each
28 | and every allegation contained in paragraphs 1 through 14, inclusive of this Complaint.

STALWART LAW GROUP

4

16.     Defendants are an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12926.

17.     At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926. Defendants knew that Plaintiff had a physical disability that limited his major life activities, including his ability to work for a limited period of time. Plaintiff was able to perform the essential job duties with reasonable accommodations for his physical disability.

18.     Defendants subjected Plaintiff to an adverse employment action when Defendants terminated Plaintiff. Plaintiff's physical disability was a substantial motivating reason for Defendants' decision to terminate Plaintiff. Plaintiff was harmed. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

19.     As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

20.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

21.     As a direct and proximate result of Defendants' conduct, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

22.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12925.

23.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### Failure to Engage in the Interactive Process in Violation of FEHA

### Cal. Gov. Code § 12940 *et seq.*

(Against All Defendants)

24.     Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 23, inclusive of this Complaint.

25.     Defendants are an employer in the State of California, as defined in FEHA, Cal. Gov. Code § 12926.

26.     At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926.

27.     Plaintiff had a physical disability that was known to Defendants. With a reasonable accommodation, Plaintiff could perform the essential requirements of his job. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that Plaintiff would be able to perform the essential job requirements. Defendants failed to offer or participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made, and what type of reasonable accommodation would be appropriate for Plaintiff's disability. Plaintiff was harmed and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

28.     Plaintiff filed timely charges of failure to engage in the interactive process against Defendants with the DFEH, which issued right-to-sue notices to Plaintiff authorizing this lawsuit. Plaintiff has therefore exhausted his administrative remedies.

6

COMPLAINT

29.    As a direct and proximate result of Defendants' willful, knowing, and intentional failure to engage in the interactive process with him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

30.    As a direct and proximate result of Defendants' willful, knowing and intentional failure to engage in the interactive process with him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment damages in amounts to be proven at trial.

31.    As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 et seq., Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code § 12925.

32.    Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights, and with the intent, design, and purpose of injuring him. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

**THIRD CAUSE OF ACTION**

**Failure to Accommodate in Violation of FEHA Cal. Gov. Code § 12940**

(Against All Defendants)

33.    Plaintiff incorporates herein by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 32, inclusive of this Complaint.

34.    Defendants are an employer in the State of California, as defined in the FEHA, Cal. Gov. Code § 12926.

35.    At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926. Plaintiff had a physical disability that limited his major life

1    activities, including his ability to work for a limited period of time. Defendants knew of

2    Plaintiff's disability that limited his major life activities, including her ability to work for a

3    limited period of time. Plaintiff was able to perform the essential job duties with reasonable

4    accommodation for his physical disability.

5          36.    Defendant failed to accommodate Plaintiff's disability in violation of FEHA as set

6    forth above. Plaintiff was harmed and Defendants' failure to provide reasonable accommodation

7    was a substantial factor in causing Plaintiff's harm.

8          37.    Plaintiff filed timely charges of failure to accommodate against Defendants with

9    the DFEH, which issues right-to-sue notices to Plaintiff authorizing this lawsuit. Plaintiff has

10    therefore exhausted his administrative remedies.

11          38.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

12    and will continue to suffer damages, including, but not limited to, lost past and future wages and

13    benefits and emotional distress, all in an amount to be determined at trial and in excess of the

14    jurisdictional minimum of this court.

15          39.    Plaintiff is informed and believes, and thereon alleges, that Defendants, by

16    engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in

17    willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with

18    willful and conscious disregard of the rights, welfare and safety of Plaintiff.   Plaintiff should,

19    therefore, be awarded exemplary and punitive damages against Defendants, and each of them, in

20    an amount to be established that is appropriate to punish Defendants and deter others from

21    engaging in such conduct.

22    **FOURTH CAUSE OF ACTION**

23    **Failure to Prevent Discrimination, Harassment, and/or Retaliation in Violation of FEHA**

24    **Cal. Gov. Code § 12940**

25    (Against All Defendants)

26          40.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

27    and every allegation contained in paragraphs 1 through 39, inclusive of this Complaint.

28

COMPLAINT

41.     Defendants are an employer in the State of California, as defined in FEHA, Cal. Gov. Code § 12926.

42.     At all relevant times herein, Plaintiff was an employee of Defendants within the meaning of Cal. Gov. Code § 12926.

43.     Plaintiff was subjected to discrimination, harassment, and/or retaliation in the course of employment in violation of the FEHA, Cal. Gov. Code § 12940, *et seq.* as set forth herein.

44.     Under FEHA, Cal. Gov. Code § 12940(k), an employer must take all reasonable steps necessary to prevent discrimination, harassment, and/or retaliation from occurring.

45.     Defendants, through their managing agents and supervisors, should have but did not take all reasonable steps necessary to prevent discrimination, harassment, and/or retaliation from occurring. Plaintiff was harmed, and Defendants' failure to take all reasonable steps to prevent the discrimination, harassment, and/or retaliation was a substantial factor in causing Plaintiff's harm.

46.     As a direct and proximate result of Defendants' willful, knowing, and intentional failure to prevent discrimination, harassment and/or retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, emotional distress, and personal injuries. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

47.     As a direct and proximate result of Defendants' willful, knowing and intentional failure to prevent discrimination, harassment, and/or retaliation against him, Plaintiff has further suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

48.     As a further, direct and proximate result of Defendants' violation of Cal. Gov. Code § 12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of his employment relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently

9

COMPLAINT

1  unknown to her. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code §

2  12965.

3       49.    Plaintiff is informed and believes, and thereon alleges, that Defendants, by

4  engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in

5  willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with

6  willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should,

7  therefore, be awarded exemplary and punitive damages against Defendants, and each of them, in

8  an amount to be established that is appropriate to punish Defendants and deter others from

9  engaging in such conduct.

10  **FIFTH CAUSE OF ACTION**

11  **Retaliation for Requests for Accommodation in Violation of FEHA**

12  **Cal. Gov. Code § 12940 *et seq.***

13  (Against All Defendants)

14       50.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

15  and every allegation contained in paragraphs 1 through 49, inclusive of this Complaint.

16       51.    Defendants are an employer in the State of California, as defined in the FEHA,

17  Cal. Gov. Code § 12926.

18       52.    Plaintiff engaged in protected activity when Plaintiff requested reasonable

19  accommodations for his disability. Defendants terminated Plaintiff, and Plaintiff's request for

20  reasonable accommodations was a substantial motivating reason for Defendants' decision to

21  terminate Plaintiff. Plaintiff was harmed, and Defendants' decision to terminate Plaintiff was a

22  substantial factor in causing her harm.

23       53.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

24  and will continue to suffer pain and suffering and emotional distress. Plaintiff is thereby entitled

25  to general and compensatory damages in amounts to be proven at trial.

26       54.    As a direct and proximate result of Defendants' violation of Cal. Gov. Code §

27  12900 *et seq.*, Plaintiff has been compelled to retain the services of counsel to enforce the terms

28  and conditions of her employment relationship with Defendants, and has thereby incurred, and

STALWART
LAW GROUP

10
COMPLAINT

1   will continue to incur, legal fees and costs, the full nature and extent of which are presently

2   unknown to her. Plaintiff requests that attorneys' fees be awarded pursuant to Cal. Gov. Code §

3   12965.

4        55.    Plaintiff is informed and believes, and thereon alleges, that Defendants, by

5   engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in

6   willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with

7   willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should,

8   therefore, be awarded exemplary and punitive damages against Defendants in an amount to be

9   established that is appropriate to punish Defendant and deter others from engaging in such

10  conduct.

<h3 align="center">SIXTH CAUSE OF ACTION</h3>

<strong>Wrongful Termination in Violation of Public Policy</strong>

(Against All Defendants)

14       56.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

15  and every allegation contained in paragraphs 1 through 55, inclusive of this Complaint.

16       57.    At all relevant times herein, Plaintiff was employed by Defendants.

17       58.    On or about November 3, 2021, Defendants terminated Plaintiff because of his

18  disability and/or in retaliation for his request for reasonable accommodation for a physical

19  disability and/or because of his complaints of violations of OSHA.

20       59.    Plaintiff is informed and believes that Plaintiff's request for a reasonable

21  accommodation, and Plaintiff's disability, were each a substantial motivating reason for

22  Plaintiff's discharge in violation of FEHA, Gov. Code § 12900 *et seq.* Plaintiff is informed and

23  believes that Plaintiff's complaints of OSHA violations, as set forth below, were also a

24  substantial motivating reason for Plaintiff's discharge in violation of Labor Code section 1102.5.

25  Plaintiff was harmed and Defendants' conduct was a substantial factor in causing Plaintiff's

26  harm.

27       60.    It is the public policy of the State of California, as expressed in FEHA, that

28  employees shall not be terminated because of their disabilities or because of their requests for

11

COMPLAINT

STALWART

LAW GROUP

1   reasonable accommodations of disabilities, or as expressed in the Labor code, for complaints

2   alleging violations of law, including but not limited to, violations of OSHA.

3       61.    By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and

4   legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance

5   damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be

6   proven at trial.

7       62.    As a direct and proximate result of Defendants' willful, knowing, and intentional

8   retaliation, Plaintiff has suffered and will continue to suffer emotional distress and other

9   employment benefits and job opportunities in an amount to be determined at trial.

10      63.    Plaintiff is informed and believes, and thereon alleges, that Defendants, by

11  engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in

12  willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with

13  willful and conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should,

14  therefore, be awarded exemplary and punitive damages against Defendants in an amount to be

15  established that is appropriate to punish Defendants and deter others from engaging in such

16  conduct.

17              **SEVENTH CAUSE OF ACTION**

18          **Retaliation in Violation of Cal. Labor Code § 1102.5**

19                  (Plaintiff Against All Defendants)

20      64.    Plaintiff incorporates herein by reference, as though fully set forth herein, each

21  and every allegation contained in paragraphs 1 through 63, inclusive of this Complaint.

22      65.    California Labor Code § 1102.5(a), in pertinent part, provides: "An employer, or

23  any person acting on behalf of the employer, shall not make, adopt, or enforce any rule,

24  regulation, or policy preventing an employee from disclosing information to a government or law

25  enforcement agency, to a person with authority over the employee, or to another employee who

26  has authority to investigate, discover, or correct the violation or noncompliance, or from

27  providing information to, or testifying before, any public body conducting an investigation,

28  hearing or inquiry, if the employee has reasonable cause to believe that the information discloses

12

COMPLAINT

1  a violation of state or federal statute, or a violation of or noncompliance with a local, state, or

2  federal rule or regulation, regardless of whether disclosing the information is part of the

3  employee's job duties."

4      66.    Labor Code § 1102.5 subsection (b) provides that: "An employer, or any person

5  acting on behalf of the employer, shall not retaliate against an employee for disclosing

6  information, or because the employer believes that the employee disclosed or may disclose

7  information, to a government or law enforcement agency, to a person with authority over the

8  employee or another employee who has the authority to investigate, discover, or correct the

9  violation or noncompliance, or for providing information to, or testifying before, any public body

10  conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe

11  that the information discloses a violation of state or federal statute, or a violation of or

12  noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing

13  the information is part of the employee's job duties."

14      67.    As set forth herein, Defendant violated California Labor Code § 1102.5 because

15  Plaintiff opposed Defendant's violations of Section 5(a)(1) of the Occupational Safety and

16  Health Act ("OSHA"), 29 U.S. Code § 654 and California's Occupational Safety and Health Act

17  § 5110. In turn, Defendants disciplined and ultimately terminated Plaintiff in retaliation.

18      68.    Section 5(a)(1) of OSHA, 29 U.S. Code § 654, requires that each employer

19  furnish to each of its employees a workplace that is free from recognized hazards that are causing

20  or likely to cause death or serious physical harm.

21      69.    As set forth herein, Defendants violated California Labor Code § 1102.5 because

22  Plaintiff opposed the wrongful acts of Defendants, and in turn, Defendants terminated Plaintiff in

23  retaliation for speaking out against Defendants' FEHA and OSHA/workplace safety violations.

24      70.    At all relevant times, Plaintiff was an employee of Defendants, and Defendants

25  were Plaintiff's employer.

26      71.    Plaintiff disclosed to a person with authority over him, including direct

27  supervisors, that Defendant's facilities were unsafe and in violations of California's workplace

28  safety laws and regulations, including the provisions of Cal/OSHA. Plaintiff had reasonable

1    cause to believe that the information disclosed a violation of or non-compliance with the

2    California law. Plaintiff was terminated. Plaintiff's disclosure of Defendants' violations was a

3    contributing factor in Defendants' decision to terminate Plaintiff. Plaintiff was harmed.

4    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

5        72.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

6    and will continue to suffer damages, including, but not limited to, lost past and future wages and

7    benefits and emotional distress, all in an amount to be determined at trial and in excess of the

8    jurisdictional minimum of this court.

9        73.    Pursuant to Labor Code § 1102.5(j), Plaintiff is entitled to an award of costs and

10   reasonable attorneys' fees.

11       74.    Plaintiff is informed and believe, and thereon allege, that Defendants, by engaging

12   in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful,

13   malicious, fraudulent, intentional, oppressive, and despicable conduct, and acted with willful and

14   conscious disregard of the rights, welfare and safety of Plaintiff. Plaintiff should, therefore, be

15   awarded exemplary and punitive damages against Defendants, and each of them, in an amount to

16   be established that is appropriate to punish Defendants and deter others from engaging in such

17   conduct.

18   ///

19   ///

20   ///

21   ///

22   ///

23

24

25

26

27

28

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment be entered in his favor and against Defendants, each of them, as follows:

1.  For general and special damages in an amount according to proof;

2.  For compensatory damages in an amount according to proof;

3.  For punitive damages in an amount according to proof;

4.  For reasonable costs of suit incurred;

5.  For pre-judgment interest and post-judgment interest on all damages awarded;

6.  For reasonable attorney's fees and costs pursuant to statute, including but not limited to Cal. Gov. Code § 12965(b), Cal. Labor Code § 1102.5(j), according to proof; and,

7.  For such other and further relief as the Court may deem just and proper.

Dated: February 1, 2023

STALWART LAW GROUP, APC

By: _____
DAVID ANGELOFF
CINDY HICKOX
Attorney for Plaintiff JUAN CARLOS
NEGRETE

15
COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2   Plaintiff JUAN CARLOS NEGRETE hereby demands trial by jury on all issues so triable

3 in the Complaint.

4

5 Dated: February 1, 2023

6             STALWART LAW GROUP, APC

7

8             By:_____

              **DAVID ANGELOFF**

9             **CINDY HICKOX**

             Attorney for Plaintiff JUAN CARLOS

10            NEGRETE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Angeloff (SBN 272929); Cindy Hickox (SBN 323016)<br>STALWART LAW GROUP, APC<br>8752 Holloway Drive<br>Hollywood, CA 90069<br>TELEPHONE NO.: 310-954-2000    FAX NO.: 310-943-0303<br>ATTORNEY FOR *(Name):* Plaintiff JUAN CARLOS NEGRETE | E-FILED<br>2/1/2023 1:32 PM<br>Superior Court of California<br>County of Fresno<br>By: E. Meyer, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B. F. Sisk Courthouse

CASE NAME:
Negrete v. Amazon.com Services LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23CECG00392 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: February 1, 2023

Cindy Hickox
_____
(TYPE OR PRINT NAME)                    ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>2/3/2023<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**Juan Negrete vs. Amazon.com Services LLC** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**23CECG00392** |

To All Parties and their Attorneys of Record:   **Cindy Hickox**
**Stalwart Law Group APC**
**8752 Holloway Drive**
**West Hollywood CA 90069**

This case has been assigned to **Jeffrey Y. Hamilton,** Judge for **all purposes.**
All future hearings will be scheduled before this assigned judge, in **Department 503**

You are required to appear at a Case Management Conference on **05/30/2023** at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **2/3/2023**_____   Clerk, by   E. Meyer_____ , Deputy

---

CV-48 R07-21                **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE**
                                              **FOR ALL PURPOSES**
OPTIONAL

# EXHIBIT B

**Tripodi, Emily J. x4455**

| | |
|---|---|
| **From:** | admin=aws.firstlegal.com@firstconnect.firstlegal.com on behalf of admin@aws.firstlegal.com |
| **Sent:** | Monday, March 13, 2023 11:10 AM |
| **To:** | Laflamme, LouAnne x3517; amcdonald@firstlegal.com |
| **Subject:** | First Legal Order Submitted - 7972444 - Juan Negrete vs. Amazon.com Services LLC - 23CECG00392 |

**External Sender**

First Connect eFile Order Confirmation                    View in First Connect





# Your eFiling Has Been Submitted!

This confirms your order to eFile the below document(s) has been submitted to the court.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

**First Legal Control #:**    **7972444**

| | |
|---|---|
| Court | FCSC-FRESNO |
| Case Number | 23CECG00392 |
| Case Name | Juan Negrete vs. Amazon.com Services LLC |
| Client Matter | 43353 |
| Portal Reference Number | 7252661 |
| Court Transaction / Envelope Number(s) | 11417248 |
| Submitted On | 2023-03-13 11:01 |

**Document(s):**

Answer/Response/Denial/Demurrer - First Appearance Fee - $435.00

**Additional Instructions**

N/A

Should you have any questions, please contact Client Care and Success at 877.350.8698, email clientcare@firstlegal.com or you can log in and manage your cases and orders in First Connect.

Thank you for using First Legal.



**First Legal**
**800.889.0111**

© Copyright 2021, First Legal. All rights reserved. Terms of Use and Privacy Policy. Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

1   Douglas E. Dexter (State Bar No. 115868)
    ddexter@fbm.com
2   Jaya Bajaj (State Bar No. 317909)
    jbajaj@fbm.com
3   Emily J. Tripodi (State Bar No. 334054)
    etripodi@fbm.com
4   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
5   San Francisco, California 94104
    Telephone: (415) 954-4400
6   Facsimile: (415) 954-4480

7   Attorneys for Defendant AMAZON.COM
    SERVICES LLC

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF FRESNO, CENTRAL DIVISION

11

12  | JUAN CARLOS NEGRETE, an individual, | Case No. 23CECG00392 |
    |---|---|
13  | Plaintiff, | **DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF JUAN CARLOS NEGRETE'S UNVERIFIED COMPLAINT** |
14  | vs. | |
15  | AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | Assigned for All Purposes to Honorable Jeffrey Y. Hamilton—Dept. 503 |
16  | | |
17  | Defendants. | Action Filed:        February 1, 2023 |

18

19      Defendant Amazon.com Services LLC ("Defendant" or "Amazon") hereby answers

20  Plaintiff Juan Carlos Negrete's ("Plaintiff" or "Negrete") unverified complaint ("Complaint") as

21  follows:

22                      **GENERAL DENIAL**

23      Pursuant to California Code of Civil Procedure section 431.30(d), Amazon denies each and

24  every allegation of Plaintiff's Complaint and the whole of each and every cause of action therein.

25  In addition, Amazon denies that Plaintiff has been injured or damaged by Amazon in any sum or

26  amount whatsoever.

27                          **DEFENSES**

28      As separate defenses to the Complaint, and to each purported cause of action asserted

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT -
Case No. 23CECG00392

therein, Amazon alleges as follows:

## FIRST DEFENSE

### (Failure to State a Claim)

1.    The Complaint, and each purported cause of action therein, is barred, in whole or in part, because it fails to state facts sufficient to constitute a cause of action against Amazon.

## SECOND DEFENSE

### (Statute of Limitations)

2.    Each purported cause of action set forth in the Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including but not limited to California Code of Civil Procedure sections 338(a) and 340 and California Government Code section 12960(d).

## THIRD DEFENSE

### (At-Will Employment)

3.    Plaintiff's employment alleged in the Complaint was terminable at the will of either Plaintiff or Amazon under California Labor Code section 2922.

## FOURTH DEFENSE

### (Legitimate Business Justification)

4.    Plaintiff's claims are barred, in whole or in part, because Amazon's conduct has at all times been undertaken with legitimate business justifications and in a reasonable and good faith belief in the lawfulness of its actions.

## FIFTH DEFENSE

### (Legitimate Non-Discriminatory Reason)

5.    Plaintiff's claims are barred, in whole or in part, because any alleged adverse employment actions of which Plaintiff complains (although none are admitted herein or hereby), and any other actions taken by Amazon as to Plaintiff were not based on Plaintiff's disability, or on any alleged discriminatory practice, but instead were based on legitimate, non-discriminatory reasons. Nor were any of the employment actions alleged in the Complaint taken under pretext.

//

//

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

2                                                   43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT -
Case No. 23CECG00392

1

## SIXTH DEFENSE

2

### (No Wrongful Termination)

3    6.    Plaintiff's wrongful termination in violation of California Government Code

4   section 12490 and wrongful termination in violation of public policy causes of action are barred

5   because any allegedly wrongful conduct by Amazon, or its employees or agents, or each of them,

6   as alleged in the Complaint, would not contravene a substantial, well-established policy of the

7   State of California.

8

## SEVENTH DEFENSE

9

### (Good Cause)

10    7.    Amazon's actions toward Plaintiff were based on good, sufficient, and legal cause,

11   upon reasonable grounds for belief in their truth or justification, were taken in good faith and

12   without malice, and were justified by legitimate, bona fide, non-discriminatory business reasons

13   unrelated to Plaintiff's alleged status in a protected class, or any other unlawful basis.

14

## EIGHTH DEFENSE

15

### (Same Course of Conduct)

16    8.    Even if it were determined that Amazon impermissibly considered Plaintiff's

17   membership in a protected class or any other unlawful factor in its decision to take an employment

18   action with respect to Plaintiff (which Amazon denies), Amazon nevertheless would have taken

19   the same action in the absence of the impermissible motive or motives, thus barring Plaintiff's

20   claim for damages.

21

## NINTH DEFENSE

22

### (Reasonable Care)

23    9.    Amazon took reasonable steps and care to assure that Plaintiff suffered no

24   discrimination or retaliation based upon his disability, or membership in any other protected class.

25

## TENTH DEFENSE

26

### (Prompt Appropriate Remedial Measures)

27    10.    Plaintiff's purported causes of action are barred by Amazon's prompt appropriate

28   remedial measures.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

3

43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT -
Case No. 23CECG00392

**ELEVENTH DEFENSE**

**(Failure to Fulfill Conditions of Employment)**

11.    Plaintiff's termination resulted from Plaintiff's failure to fulfill conditions of employment and such performance by Plaintiff was a necessary condition of continued employment.

**TWELFTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

12.    Plaintiff's claims are barred in whole or in part by his failure to exhaust the administrative remedies prerequisite to his claims, including those provided by the California Government Code and California Labor Code.

**THIRTEENTH DEFENSE**

**(Failure to Mitigate Economic Damages)**

13.    The Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff has failed to exercise reasonable care and diligence to mitigate any alleged economic damages.

**FOURTEENTH DEFENSE**

**(Failure to Mitigate Emotional Distress Damages)**

14.    If Plaintiff was subjected to any wrongful or unlawful conduct resulting in mental, physical, or emotional harm, although such is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages Plaintiff might have suffered by seeking appropriate medical and psychological treatment and failed to do so.

**FIFTEENTH DEFENSE**

**(Failure to Engage in Interactive Process)**

15.    Plaintiff's causes of action are barred because he did not satisfy his obligation to engage in an interactive process seeking accommodation.

//

//

//

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

4

43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT -
Case No. 23CECG00392

### SIXTEENTH DEFENSE

### (Not Able To Perform)

16.    Plaintiff was unable to perform the essential functions of his job, with or without reasonable accommodation.

### SEVENTEENTH DEFENSE

### (Reasonable Steps to Prevent Discrimination and Retaliation)

17.    Amazon took reasonable steps and care to assure that Plaintiff suffered no discrimination or retaliation based upon his disability or membership in any other protected class.

### EIGHTEENTH DEFENSE

### (Failure to Report)

18.    Plaintiff failed to timely report his allegations of discrimination or retaliation to Amazon and thus has either waived or failed to exhaust any available remedies.

### NINETEENTH DEFENSE

### (No Retaliation Under California Government Code)

19.    Plaintiff's retaliation claim under Government Code section 12940(h) is barred because Plaintiff has not "opposed any practices forbidden under this part" or "filed a complaint, testified, or assisted in any proceeding under this part."  (Cal. Govt. Code, § 12940(h).)

### TWENTIETH DEFENSE

### (No Retaliation Under California Labor Code)

20.    Plaintiff's retaliation claim under California Labor Code section 1102.5 is barred because Plaintiff did not have "reasonable cause to believe that the information disclose[d] a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."  (Cal. Lab. Code, § 1102.5, subd. (b).)

### TWENTY-FIRST DEFENSE

### (No Entitlement to Punitive or Exemplary Damages)

21.    Plaintiff's causes of action, and each of them, do not state facts sufficient to enable Plaintiff to recover exemplary or punitive damages because the alleged actions were not willful, fraudulent, oppressive, or malicious.

1

**TWENTY-SECOND DEFENSE**

2

**(Workers' Compensation Exclusivity)**

3          22.          As to any claim by Plaintiff for physical, mental, or emotional distress, said claim

4     is barred by California Labor Code section 3600 et seq., which provide that workers'

5     compensation is Plaintiff's exclusive remedy.

6

**TWENTY-THIRD DEFENSE**

7

**(Defendant's Attorneys' Fees)**

8          23.          Plaintiff's causes of action are "objectively without foundation," within the

9     meaning of *Williams v. Chino Valley Indep. Fire Dist.* (2015) 61 Cal.4th 97, 115, *Christianburg*

10    *Garment Co v. EEOC* (1974) 434 U.S. 412, 422, and the Fair Employment and Housing Act, and

11    accordingly, Amazon should recover all costs and attorneys' fees incurred herein. Amazon is also

12    entitled to all costs and attorneys' fees incurred herein under California Code of Civil Procedure

13    section 128.5.

14

**TWENTY-FOURTH DEFENSE**

15

**(Plaintiff's Attorneys' Fees Not Recoverable)**

16          24.          Plaintiff is precluded from recovering attorneys' fees from Amazon under

17    applicable provisions of law, including but not limited to California Government Code section

18    12965.

19

**TWENTY-FIFTH DEFENSE**

20

**(Offset)**

21          25.          Amazon is entitled to an offset against any damages it may be held to owe

22    including, without limitation, an offset of any amounts that have been or could reasonably have

23    been earned by Plaintiff after his termination.

24

**TWENTY-SIXTH DEFENSE**

25

**(Reservation of Right to Assert Defenses)**

26          26.          Amazon currently has insufficient knowledge or information to form a belief as to

27    whether it may have additional, as yet unstated, defenses available.  Amazon reserves the right to

28    assert additional defenses in the event discovery indicates that they would be appropriate.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

6

43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT -
Case No. 23CECG00392

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Amazon prays for relief as follows:

1.      That Plaintiff takes nothing by his Complaint and that the Complaint be dismissed in its entirety, with prejudice;

2.      That Defendant be awarded judgment in this action;

3.      That Defendant be awarded costs of suit and attorneys' fees incurred herein; and,

That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  March 13, 2023                    FARELLA BRAUN + MARTEL LLP

By: _____
     Jaya Bajaj

Attorneys for Defendant AMAZON.COM SERVICES LLC

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT - Case No. 23CECG00392

## <u>PROOF OF SERVICE</u>

### *Juan Carlos Negrete v. Amazon.com Services LLC*
### Case No. 23CECG00392

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 235 Montgomery Street, 17th Floor, San Francisco, CA 94104.

On March 13, 2023, I served true copies of the following document(s) described as **DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF JUAN CARLOS NEGRETE'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

> Stalwart Law Group, APC
> David Angeloff
> Cindy Hickox
> 8752 Holloway Drive
> West Hollywood, CA 90069
> Telephone: (310) 954-2000

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Farella Braun + Martel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2023, at San Francisco, California.

*LouAnne Laflamme*

LouAnne Laflamme

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

8                                                                    43353\15317412.2

DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT -
Case No. 23CECG00392

# EXHIBIT C

**WASHINGTON**
Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 04/15/2022
Effective Date: 04/15/2022
UBI #: 602 030 692

# Annual Report

## BUSINESS INFORMATION

Business Name:
**AMAZON.COM SALES, INC.**

UBI Number:
**602 030 692**

Business Type:
**FOREIGN PROFIT CORPORATION**

Business Status:
**ACTIVE**

Principal Office Street Address:
**410 TERRY AVENUE NORTH, SEATTLE, WA, 98109, UNITED STATES**

Principal Office Mailing Address:

Expiration Date:
**04/30/2023**

Jurisdiction:
**UNITED STATES, DELAWARE**

Formation/Registration Date:
**04/18/2000**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**OTHER SERVICES, OWNER AND OPERATOR OF JAPAN RETAIL WEBSITE**

## REGISTERED AGENT    RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| CORPORATION SERVICE COMPANY | 300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES | 300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501, UNITED STATES |

## PRINCIPAL OFFICE

Phone:
**8009279800**

Email:
**COMPLIANCE@CSCGLOBAL.COM**

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2022041500249116 - 1**
**Received Date: 04/15/2022**
**Amount Received: $60.00**

Street Address:
**410 TERRY AVENUE NORTH, SEATTLE, WA, 98109, USA**

Mailing Address:

## GOVERNORS

| Title | Type | Entity Name | First Name | Last Name |
|-------|------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | MICHAEL D. | DEAL |

## NATURE OF BUSINESS

- OTHER SERVICES
- OWNER AND OPERATOR OF JAPAN RETAIL WEBSITE

## EFFECTIVE DATE

Effective Date:
**04/15/2022**

## CONTROLLING INTEREST

1. Does this entity own (hold title) real property in Washington, such as land or buildings, including leasehold improvements?
**NO**
2. In the **past 12 months**, has there been a transfer of at least 16-2/3 percent of the ownership, stock, or other financial interest in the entity?
**NO**
    a. If "Yes", in the **past 36 months**, has there been a transfer of controlling interest (50 percent or greater) of the ownership, stock, or other financial interest in the entity?
**NO**
3. If you answered "Yes" to question 2a, has a controlling interest transfer return been filed with the Department of Revenue?
**NO**

You **must** submit a Controlling Interest Transfer Return form if you answered "yes" to questions 1 **and** 2a.

Failure to report a Controlling Interest Transfer is subject to penalty provisions of RCW 82.45.220.

For more information on **Controlling Interest**, visit www.dor.wa.gov/REET.

## RETURN ADDRESS FOR THIS FILING

Attention:
Email:
Address:

## UPLOAD ADDITIONAL DOCUMENTS

Do you have additional documents to upload? **No**

## EMAIL OPT-IN

☐ By checking this box, I hereby opt into receiving all notifications from the Secretary of State for this entity via email only. I acknowledge that I will no longer receive paper notifications.

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2022041500249116 - 1
Received Date: 04/15/2022
Amount Received: $60.00

## AUTHORIZED PERSON

☐ I am an authorized person.

Person Type:

**INDIVIDUAL**

First Name:

**MICHAEL**

Last Name:

**DEAL**

Title:

**SECRETARY**

☑ This document is hereby executed under penalty of law and is to the best of my knowledge, true and correct.

This document is a public record. For more information visit www.sos.wa.gov/corps

**Work Order #: 2022041500249116 - 1**
**Received Date: 04/15/2022**
**Amount Received: $60.00**